IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Clyde A. Smith, Jr., | ) | |
| | ) | C/A No. 0:07-3672-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Sheriff Ray Nash, Individually, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| Clyde A. Smith, Jr., | ) | |
| | ) | C/A No. 0:08-0164-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Franklin Y. Smith, Individually, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

At the time of the underlying complaints, Plaintiff Clyde A. Smith, Jr. was an inmate in custody of the Dorchester County Detention Center (DCDC) serving a period of incarceration for failing to pay child support. On November 15, 2007, Plaintiff filed a complaint in C/A No. 0:07-3672-MBS against Defendant Sheriff Ray Nash, alleging that he had been subjected to unconstitutional conditions of confinement because the food trays at DCDC were moldy and dirty. On January 18, 2008, Plaintiff filed a complaint in C/A No. 0:08-0164-MBS against Defendant Franklin Y. Smith, Director of DCDC, alleging that he had been subjected to unconstitutional conditions of confinement because he was denied sufficient recreation. Plaintiff seeks compensatory

and punitive damages. He brings these actions pursuant to 42 U.S.C. § 1983.

These matters are before the court on motion for summary judgment filed by Defendant Nash on March 24, 2008. By order filed March 26, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition to Defendant Nash's motion on April 21, 2008. Also before the court is motion for summary judgment filed by Defendant Smith on May 16, 2008. A second Roseboro order was issued on May 19, 2008. Plaintiff filed a response in opposition to Defendant Smith's motion on June 16, 2008.

## I. FACTS

In C/A No. 0:07-3672, Plaintiff contends that his food trays are cracked and moldy, and he was "concerned about harmful bacteria seeping into the food." Complaint, 2 (Entry 1). Plaintiff contends that Defendant Nash "has the authority to authorize an order to buy new trays." Id. Plaintiff contends he has been subjected to cruel and unusual punishment in violation of his rights under the Eighth Amendment.

In C/A No. 0:08-0164, Plaintiff contends that he is subjected to lockdown except for one-half hour per day, six days per week. Plaintiff contends that Defendant Smith has shown deliberate indifference because Defendant Smith is responsible for overseeing and coordinating operations at DCDC. Plaintiff alleges he has suffered physical and psychological distress. Plaintiff contends he has been subjected to cruel and unusual punishment in violation of his rights under the Eighth Amendment. Plaintiff also appears to contend that his rights have been violated "as a result of the harmful exposure to bacteria, soap scum, and other harmful particles." Complaint, 5 (Entry 1).

II. DISCUSSION

Defendants Nash and Smith have moved for summary judgment. Summary judgment "shall be rendered forthwith when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For the evidence to present a genuine issue of material fact, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The moving party has the burden of proving that there are no facts from which it would be open to a jury to make inferences favorable to the non-movant. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The opposing party may not rest on the mere assertions contained in the pleadings. Id. The court must view the record as a whole and in the light most favorable to the non-moving party. Terry's Floor Fashions, Inc. v. Burlington Indus. Inc., 763 F.2d 604 (4th Cir. 1985).

Law/Analysis

A.   Exhaustion

Defendants Nash and Smith both contend that Plaintiff's complaint should be dismissed because Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997(e). Pursuant to § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, "Congress has mandated exhaustion clearly enough, regardless

of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002). Accordingly, before Plaintiff may proceed on his claims in this court, he must first have exhausted the administrative remedies that were available to him at DCDC.

Defendant has the burden of showing that a Plaintiff failed to exhaust his or her administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005). In support of their motions, Defendants Nash and Smith submit affidavits of Lt. Wanda H. Taylor.

Defendant Nash submitted the affidavit of Lt. Taylor, who avers that she is Detention Supervisor for DCDC and has held the position since April, 2006. Affidavit of Lt. Wanda H. Taylor, ¶ 1 (Entry 19-4). She states that DCDC has a grievance procedure that is available to all inmates confined in DCDC. Id. ¶ 2. According to Lt. Taylor, all grievance forms submitted by an inmate are processed and acted upon and then permanently filed in the inmate's personnel file at DCDC. Id. ¶ 3. Lt. Taylor attests that, with respect to Plaintiff, she has:

> made a diligent search and examination of the personnel file of Inmate Clyde A. Smith, Jr. who was booked into the DCDC on August 14, 2007, and is still in residence as of today, March 24, 2008. There are no grievances or grievance forms in his file. Based on our procedures and my examination of inmate Smith's personnel file I can state that he did not file any grievance. Specifically, his file does not reflect any complaints or grievances about cracked or busted food trays and moldy or rotten food.

Id. Lt. Taylor further attests that "Based on my examination of inmate Smith's personnel file, my knowledge of this case, and our established rules and procedures[,] inmate Clyde A. Smith, Jr. did not exhaust his available and known grievance procedures concerning his alleged complaints." Id. ¶ 5. Lt. Taylor's affidavit is dated March 24, 2008.

4

Defendant Smith also submitted an affidavit from Lt. Taylor, who avers that she is the Operations Lieutenant for DCDC and has held the position since April 2006. Affidavit of Wanda Taylor, ¶ 1 (Entry 16-3). Lt. Taylor avers that DCDC has a grievance procedure that is available to all inmates. Id. ¶ 2. Lt. Taylor states that all grievance forms submitted by an inmate are processed and acted upon and then permanently filed in the inmate's personnel file at DCDC. Id. ¶ 3. According to Lt. Taylor,

> Upon request I have made a diligent search and examination of the personnel file of inmate Clyde A Smith, Jr. who has been confined in the DCDC from 8-14-07 to the present. Inmate Smith claims that he filed 2 grievances related to outdoor recreation dated 10-17-07 and 12-28-07, however, after a diligent and thorough search, I cannot locate those grievance forms and/or said grievances were never made pursuant to the Dorchester county Grievance Form attached hereto. However, I did find a Grievance Form dated 2-5-08 and 3-3-08 related to a sore shoulder; 2-6-08 for cracked food trays; and one on 3-10-08 requesting a copy of his medical records. Captain Van Doran responded to the 2-6-08 Grievance Form about cracked food trays on 2-10-08. He advised Mr. Smith (in writing) that the DCDC goes to great length to ensure proper food service. He stated that should inmate Smith receive another unacceptable food tray, then he is to ask for another one. Capt. Van Doran also instructed Food Service to watch for an discard all unusable trays. Based on our procedures and my examination of inmate Smith's personnel file I can state that he did not file or submit any other grievances. Specifically, his file does not reflect any other complaints or grievances about outdoor recreation or cracked food trays. Inmate Smith did not exhaust his available and known grievance procedures concerning his alleged complaints.

Id. Lt. Taylor's affidavit is dated May 1, 2008.

Based on these inconsistent affidavits, the court cannot state that Defendants Nash and Smith have met their burden of establishing that Plaintiff failed to exhaust his administrative remedies. Accordingly, the court will turn to the merits of Plaintiff's claims.

B.     Defendant Nash - Food Trays

It is well-established that inmates must be provided nutritionally adequate food, "prepared

and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985) (citing cases). "In assessing claims that conditions of confinement are cruel and unusual courts must bear in mind that their inquiries 'spring from constitutional requirements and that judicial answers to them must reflect that fact rather than a court's idea of how best to operate a detention facility.'" Rhodes v. Chapman, 452 U.S. 337, 351 (1981) (quoting Bell v. Wolfish, 441 U.S. 520, 539 (1979)).

Defendant Nash attests that DCDC is inspected on a regular basis by both South Carolina Department of Health and Environmental Control (DHEC) and Occupational Safety and Health Administration (OSHA) for cleanliness and compliance with state codes and regulations and that no improper procedures or conditions have been found. Affidavit of Sheriff Ray Nash, ¶ 3 (Entry 19-3). Moreover, for prison conditions to rise to the level of unconstitutional punishment, "'there must be evidence of a serious medical and emotional deterioration attributable to the challenged condition.'" Strickler v. Waters, 989 F.2d 1375, 1380 (4th Cir. 1993) (quoting Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir. 1990)). Plaintiff has not alleged that he was injured by ingesting bacteria or otherwise harmed by the alleged provision of moldy, broken food trays. Further, Plaintiff must demonstrate that Defendant Nash, individually, was deliberately indifferent to the unconstitutional prison condition Plaintiff asserts. See Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991) ("A two-pronged showing is necessary to demonstrate a prima facie Eighth Amendment violation with respect to prison conditions: (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials."). Defendant Nash attests that, although DCDC is under his operational control, the day-to-day operations are conducted, supervised, and controlled by a chain of command, and that he has no personal knowledge of leaky or unfit food trays or any

alleged moldy or unfit food being served at DCDC. Affidavit of Sheriff Ray Nash, ¶¶ 1, 2 (Entry 19-3). Plaintiff does not rebut Defendant Nash's asservation.

Plaintiff has failed to establish that he was subjected to unconstitutional conditions of confinement by being exposed to broken or dirty food trays. Defendant Nash's motion for summary judgment is **granted**.

C.     Defendant Smith - Lack of Recreation

In Eighth Amendment cases involving conditions of confinement, deliberate indifference may be shown when prison authorities were aware of the objectively cruel conditions and failed to remedy them. Hall v. Williams, 960 F.2d 146 (4th Cir. 1992) (citing cases) (unpublished).

Defendant Smith provided no affidavit signed by himself. The affidavit of Lt. Taylor denies that Plaintiff was restricted to his room, and states that inmates have available both indoor and outdoor recreation areas, as well as activities such as bible study, church fellowship, AA, and a Purpose Driven Life course. Affidavit of Wanda Taylor, ¶¶ 7, 8 (Entry 16-3). Plaintiff disputes these statements, and contends that he "was denied outdoor recreation dating from August 14, 2007 until mid-November 2007, and was allowed ½ hour recreation (indoor), Monday through Saturday." Opposition to Motion for Summary Judgment, 1.

This is not the end of the inquiry, however. As noted hereinabove, to withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions. Strickler, 989 F.2d at 1381. If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the Amendment. Id. Plaintiff has made no such showing, other

than his bare allegations of "physical and psychological distress."  Complaint, 3; Opposition to Motion for Summary Judgment, 1.  Accordingly, Plaintiff cannot prevail on his Eighth Amendment claim.  Defendant Smith's motion for summary judgment is **granted**.

### III.  CONCLUSION

For the reasons stated, Defendant Nash's motion for summary judgment (Entry 19) in C/A No. 0:07-3672-MBS is **granted**.  Defendant Smith's motion for summary judgment (Entry 16) in C/A No. 0:08-0164-MBS also is **granted**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour  
United States District Judge

Columbia, South Carolina

March 16, 2009

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**